```
                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF GEORGIA
                        GAINESVILLE DIVISION

BRITTANY WILEY, CANDICE McCALL,   *
KATHRYN WILSON, and ASHLEY        *
GLORE, on behalf of themselves    *
and all those similarly-situated  *
who consent to representation,    *
                                  *
     Plaintiffs,                  *
                                  *
v.                                *   CIVIL ACTION NO:
                                  *
MELANIE LAWRENCE, BETHANIE        *
EDMONDSON, VINCENT JENSEN,        *
and SUMMIT THERAPEUTICS, LLC,     *
                                  *   **JURY TRIAL DEMANDED**
     Defendants.                  *
```

**COMPLAINT**

Come now, the above-named Plaintiffs, and file their Complaint against the above-named Defendants on the following grounds:

**INTRODUCTION**

1.

This is an action brought pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), codified at 29 U.S.C. § 201 *et seq.*, for violations of wage and overtime laws.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Defendant Melanie Lawrence is a Member, Director, and/or Owner of Defendant Summit Therapeutics, LLC (hereinafter referred to as "Summit").

4.

Defendant Bethanie Edmondson is a Member, Director, and/or Owner of Defendant Summit.

5.

Defendant Vincent ("Vinnie") Jensen is a Member, Organizer, Chief Financial Officer ("CFO"), and/or Owner of Defendant Summit.

6.

Defendant Lawrence is a "person acting directly or indirectly in the interest of an employer" as defined by 29 U.S.C. § 203(d).

7.

Defendant Edmondson is a "person acting directly or indirectly in the interest of an employer" as defined by 29 U.S.C. § 203(d).

8.

Defendant Jensen is a "person acting directly or indirectly in the interest of an employer" as defined by 29 U.S.C. § 203(d).

9.

Defendants are an "employer" in an industry affecting commerce as defined by 29 U.S.C. § 203(d).

10.

Defendants are an "enterprise" engaged in commerce or the production of goods for commerce as defined by 29 U.S.C. § 203(s).

11.

Defendants "ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for [interstate or international] commerce by any person" as defined by 29 U.S.C. § 203(s).

12.

Defendants have an "annual gross volume of sales made or business done [of] not less than $500,000" as defined by 29 U.S.C. § 203(s).

13.

Plaintiffs are "employee[s]" of Defendants as defined by 29 U.S.C. § 203(e).

14.

From approximately August 17, 2022 through July 16, 2024, Plaintiff Wiley was employed by Defendants as a Registered Behavior Technician ("RBT").

15.

In her position as an RBT, Plaintiff Wiley provided ABA therapy to children, including preparing for sessions, traveling to sessions, transporting therapy materials for ABA programming,

preparing session notes, communicating with parents and staff, and cleaning the session room after sessions.

16.

From approximately March 21, 2023 through June 18, 2024, Plaintiff McCall was employed by Defendants as a RBT.

17.

In her position as an RBT, Plaintiff McCall provided Applied Behavior Analysis ("ABA") therapy to children, including preparing for sessions, traveling to sessions, transporting therapy materials for ABA programming, preparing session notes, communicating with parents and staff, and cleaning the session room after sessions.

18.

From approximately February of 2024 through July 11, 2024, Plaintiff Wilson was employed by Defendants as an RBT.

19.

In her position as an RBT, Plaintiff Wilson provided ABA therapy to children, including preparing for sessions, traveling to sessions and transporting files, preparing session notes, communicating with parents and staff, scheduling, and cleaning the session room after sessions.

20.

From approximately July 18, 2023 through the present, Plaintiff Glore has been employed by Defendants as an RBT.

-4-

21.

In her position as an RBT, Plaintiff Glore provides ABA therapy to children, including preparing for sessions, traveling to sessions, transporting therapy materials for ABA programming, preparing session notes, communicating with parents and staff, and cleaning the session room after sessions.

22.

Plaintiffs bring their FLSA claim as a collective action on behalf of themselves and on behalf of all current or former similarly-situated RBTs and employees performing similar duties employed by Defendants who consent to join this action as party plaintiffs under 29 U.S.C. § 216(b).

23.

A similarly-situated employee means all persons working for Defendants, employed or previously employed, in an RBT position or similar position performing behavior therapy analysis to children, who were not paid for all hours worked and/or not paid overtime for hours worked in excess of forty (40) hours per week, and who worked for Defendants at any time between July 18, 2021 to the present.

24.

Defendants are subject to the wage and hour and overtime provisions under the FLSA.

25.

Defendant Lawrence resides in the State of Georgia.

26.

This Court has personal jurisdiction over Defendant Lawrence.

27.

Defendant Edmondson resides in the State of Georgia.

28.

This Court has personal jurisdiction over Defendant Edmondson.

29.

Defendant Jensen resides in the State of Georgia.

30.

This Court has personal jurisdiction over Defendant Jensen.

31.

Defendant Summit is a Georgia limited liability company doing business within the State of Georgia, with its principal place of business located at 1847 Riverside Ridge Drive, Hiawassee, Towns County, Georgia 30546, and its registered agent is Vincent ("Vinnie") Jenson, located at 1847 Riverside Ridge Drive, Hiawassee, Towns County, Georgia 30546.

32.

This Court has personal jurisdiction over Defendant Summit.

**VENUE**

33.

Defendants reside within the Gainesville Division of the Northern District of Georgia.

34.

All actions alleged herein occurred within the Gainesville Division of the Northern District of Georgia.

35.

Venue in the Gainesville Division of the Northern District of Georgia is proper for the Defendants under 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

36.

Plaintiffs are former and current employees of Defendants residing in the Northern District of Georgia.

37.

Defendant Lawrence may be served with summons and process at 1847 Riverside Ridge Drive, Hiawassee, Towns County, Georgia 30546.

38.

Defendant Edmondson may be served with summons and process at 208 Summit Trail Lane, Dawsonville, Dawson County, Georgia 30534.

39.

Defendant Jensen may be served with summons and process at 6987 Scenic Overlook Trace, Flowery Branch, Hall County, Georgia 30542.

40.

Defendant Summit is a Georgia corporation and may be served with summons and process upon Vincent Jenson, at 6987 Scenic Overlook Trace, Flowery Branch, Hall County, Georgia 30542 or at 1847 Riverside Ridge Drive, Hiawassee, Towns County, Georgia 30546.

**FACTS**

41.

Defendant Summit provides ABA therapy to children, including in-home services, center-based programs, home and clinic visits, school and daycare support, community-based programs, specialized teen programs, and telehealth services.

42.

Defendant Summit engages in the use of interstate commerce through the use of internet, phones, and billing to Medicaid and private insurance companies.

43.

Defendant Summit provides Plaintiffs and RBTs laptops, tablets, toys, and other equipment to use in performing their duties, which have been transported through interstate commerce.

44.

Defendants employs RBTs to work closely with families to set goals tailored to each child's strengths, challenges, and interests.

45.

Defendant Summit provides its services at the homes of families, and at its clinics located in Blairsville and Gainesville, and its location formerly located in Cornelia.

46.

Defendant Lawrence is an Owner, Member, and/or Director of Defendant Summit.

47.

Defendant Lawrence controls, oversees, and directs the day-to-day operation of Defendant Summit, including the terms and conditions of the employment of RBTs, including the Plaintiffs.

48.

Defendant Lawrence's operational control includes establishing the compensation of employees, including the decision not to pay RBTs, including the Plaintiffs, for all hours worked.

49.

Defendant Lawrence's operational control includes establishing the work assignments performed by RBTs, including the Plaintiffs.

50.

Defendant Lawrence's operational control includes overseeing the work performed by RBTs, including the Plaintiffs.

51.

Defendant Edmondson is an Owner, Member, and/or Director of Defendant Summit.

52.

Defendant Edmondson controls, oversees, and directs the day-to-day operation of Defendant Summit, including the terms and conditions of the employment of RBTs, including the Plaintiffs.

53.

Defendant Edmondson's operational control includes establishing the compensation of employees, including the decision not to pay RBTs, including the Plaintiffs, for all hours worked.

54.

Defendant Edmondson's operational control includes establishing the work assignments performed by RBTs, including the Plaintiffs.

55.

Defendant Edmondson's operational control includes overseeing the work performed by RBTs, including the Plaintiffs.

56.

Defendant Jensen is an Owner, Organizer, Member, and CFO of Defendant Summit.

57.

Defendant Jensen controls, oversees, and directs the day-to-day operation of Defendant Summit, including the terms and conditions of the employment of RBTs, including the Plaintiffs.

58.

Defendant Jensen's operational control includes establishing the compensation of employees, including the decision not to pay RBTs, including the Plaintiffs, for all hours worked.

59.

Defendant Jensen's operational control includes establishing the work assignments performed by RBTs, including the Plaintiffs.

60.

Defendant Jensen's operational control includes overseeing the work performed by RBTs, including the Plaintiffs.

61.

During the Plaintiffs' employment, Defendants have maintained a policy and practice of paying the Plaintiffs and RBTs hourly rates.

62.

During the Plaintiffs' employment, Defendants entered into written agreements with RBTs, including the Plaintiffs, agreeing to only pay them for "each hour of work that is billable" for services provided for clients.

63.

During the Plaintiffs' employment, Defendants maintained a policy and practice of paying RBTs, including the Plaintiffs, hourly rates only for each hour of work that is "billable" for services provided for clients.

64.

During the Plaintiffs' employment, Defendants maintained a policy and practice of not paying RBTs, including the Plaintiffs, for the time spent working on other duties which are not billed services provided for clients.

65.

During the Plaintiffs' employment, Defendants maintained a policy and practice of requiring RBTs, including the Plaintiffs, to report to work 15 minutes before their first appointment.

66.

During the Plaintiffs' employment, Defendants maintained a policy and practice of not paying RBTs, including the Plaintiffs, the 15 minutes they are required to report to work before their first appointment.

67.

During the Plaintiffs' employment, Defendants maintained a policy and practice of requiring RBTs, including the Plaintiffs, to travel to and from appointments between the clinic and in-home appointments and between in-home appointments.

68.

During the Plaintiffs' employment, Defendants maintained a policy and practice of not paying RBTs, including the Plaintiffs, for the time period they travel to and from appointments between the clinic and in-home appointments and between in-home appointments.

69.

During the Plaintiffs' employment, Defendants maintained a policy and practice of requiring RBTs, including the Plaintiffs, to perform administrative and cleaning duties after the conclusion of sessions with children.

70.

During the Plaintiffs' employment, Defendants maintained a policy and practice of not paying RBTs, including the Plaintiffs, to perform administrative and cleaning duties after the conclusion of sessions with children.

71.

During the Plaintiffs' employment, Defendants entered into written agreements with RBTs, including the Plaintiffs, requiring Plaintiffs and all other RBTs to perform uncompensated training, stating, "[m]ost of the 40-hour coursework is on-line, performed on the [Plaintiffs' and RBTs'] own time."

72.

During the Plaintiffs' employment, Defendants maintained a policy and practice of not paying RBTs, including the Plaintiffs, for required training for approximately forty (40) hours which Defendants required the Plaintiffs and all other RBTs to perform on their own time.

73.

Defendants have not paid the Plaintiffs and all other RBTs for all hours worked.

74.

As a result of Defendants not paying the Plaintiffs and other RBTs for all hours worked, RBTs, including the Plaintiffs, were not paid overtime rates for hours worked in excess of forty (40) hours a week.

75.

Throughout Plaintiff McCall's relationship with Defendants, Plaintiff McCall was an employee of Defendants as defined by the FLSA.

76.

Throughout Plaintiff Wilson's relationship with Defendants, Plaintiff Wilson was an employee of Defendants as defined by the FLSA.

77.

Throughout Plaintiff Glore's relationship with Defendants, Plaintiff Glore was an employee of Defendants as defined by the FLSA.

78.

Throughout Plaintiff Wiley's relationship with Defendants, Plaintiff Wiley was an employee of Defendants as defined by the FLSA.

79.

The Plaintiffs' duties as RBTs are not FLSA exempt duties.

80.

Defendants were required by the FLSA to maintain a system to track the hours worked by hourly employees, including the Plaintiffs and other RBTs.

81.

Defendants failed to maintain a system to track the hours worked by hourly employees, including the Plaintiffs and all other RBTs.

82.

Defendants have violated the FLSA by failing to maintain records for the hours worked by hourly employees, including the Plaintiffs and all other RBTs.

83.

Plaintiffs are due retroactive payments and liquidated damages for wages and overtime wages for hours worked beyond forty (40) hours per week.

84.

Defendants' actions have been willful as defined in 29 U.S.C. § 255(a).

85.

Defendants knew that their conduct violated the FLSA or showed reckless disregard as to whether their conduct violated the FLSA.

**COUNT ONE:  FLSA FAILURE TO PAY WAGES**

86.

Plaintiffs incorporate herein paragraphs 1 through 85 of their Complaint.

87.

Plaintiffs were paid an hourly rate during their employment with Defendants.

88.

Plaintiffs were not paid for all hours worked for Defendants.

89.

Defendants failed to pay the Plaintiffs for all hours worked, thereby violating the FLSA.

90.

Defendants' conduct entitles Plaintiffs to the amount of their hourly rate for hours worked for which they were not paid.

91.

Defendants have failed to comply with the FLSA, despite fully knowing that they are in violation of the FLSA.

92.

Defendants' actions have been willful as defined in 29 U.S.C. § 255(a).

**COUNT TWO:   FLSA FAILURE TO PAY OVERTIME WAGES**

93.

Plaintiffs incorporate herein paragraphs 1 through 92 of their Complaint.

94.

Plaintiffs were employed as hourly employees by Defendants.

95.

Plaintiffs worked in excess of forty (40) hours a week.

96.

Defendants have failed to pay Plaintiffs one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

97.

Defendants' conduct entitles Plaintiffs to the amount of their unpaid overtime compensation.

98.

Defendants have failed to comply with the FLSA, despite fully knowing that they are in violation of the FLSA.

99.

Defendants' actions have been willful as defined in 29 U.S.C. § 255(a).

**COUNT THREE:  FLSA LIQUIDATED DAMAGES**

100.

Plaintiffs incorporate herein paragraphs 1 through 99 of their Complaint.

101.

Defendants' conduct is not grounded in good faith and on reasonable grounds, thereby entitling the Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 260.

**PRAYER FOR RELIEF**

102.

Wherefore, the Plaintiffs pray for a judgment as follows:

1. That the Court grant full back pay for unpaid wages and overtime wages owed to the Plaintiffs;
2. That the Court grant Plaintiffs liquidated damages under the FLSA;

3. That the Court grant Plaintiffs pre-judgment interest;

4. That the Court find that Defendants willfully violated the FLSA so that a three (3) year limitation period applies to this case;

5. That the Court grant Plaintiffs expenses of litigation, including reasonable attorneys' fees, pursuant to the FLSA;

6. That the Court grant Plaintiffs a jury trial;

7. That the Court hold the Defendants jointly and severally liable;

8. That the Court certify this action as a collective action under the FLSA;

9. That the Court grant Plaintiffs all other relief the Court deems just and proper; and

10. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendants from engaging in further violations of the FLSA.

Respectfully submitted this 19th day of July 2024.

**THE REDDY LAW FIRM, P.C.**

/s/K. Prabhaker Reddy
K. PRABHAKER REDDY
Attorney for Plaintiffs
Georgia Bar No. 597320
11175 Cicero Drive
Suite 100
Alpharetta, Georgia 30022
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net