IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

BRITTANY WILEY, CANDICE McCALL,    *
KATHRYN WILSON, and ASHLEY         *
GLORE, on behalf of themselves     *
and all those similarly-situated   *
who consent to representation,     *
                                   *
     Plaintiffs,                   *
                                   *
v.                                 *    CIVIL ACTION NO:
                                   *    2:24-cv-00170-RWS
MELANIE LAWRENCE, BETHANIE         *
EDMONDSON, VINCENT JENSEN,         *
and SUMMIT THERAPEUTICS, LLC,      *
                                   *
     Defendants.                   *

**JOINT MOTION AND MEMORANDUM SEEKING APPROVAL
OF THE PARTIES' STIPULATED SETTLEMENT AGREEMENT**

COME NOW, the above-named Plaintiffs and Defendants (collectively referred to as the "Parties") in the above-styled action ("Lawsuit"), by and through their counsel of record, and hereby request that this Court approve their Settlement Agreement and Release of Claims ("Settlement Agreement"). For the reasons set forth below, the Parties respectfully request that this Court approve the Settlement Agreement and dismiss this Lawsuit with prejudice.

**I. BACKGROUND**

In this Lawsuit, the Plaintiffs allege claims pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), codified at 29 U.S.C. § 201 <u>et</u> <u>seq.</u>, for wage violations based

upon Defendants' failure to pay for unpaid hours and overtime hours. (Doc. 1) On September 10, 2024, the Parties moved this Court to conditionally certify the case. (Doc. 14) On September 10, 2024, this Court granted the conditional certification. (Doc. 15) Following conditional certification, the parties engaged in discovery, including with respect to Plaintiffs' wages received and hours worked. An additional fourteen (14) Plaintiffs have opted-in to the case.

The Defendants dispute the Plaintiffs' claims in their entirety. Specifically, Defendants dispute Plaintiffs' claims regarding off the clock work and the amount of such time that Plaintiffs allege to have spent performing such work. Defendants also deny that the FLSA provides a claim for so-called "gap time" hours, i.e. unpaid, non-overtime hours worked in a workweek. See Bennett v. City of Morrow, Georgia, 2007 WL 9701057, *9-10 (N.D. Ga. March 22, 2007); Thrower v. Peach County, Ga. Bd. of Educ., 2010 WL 4536997, *5 (M.D. Ga. Nov. 2, 2010); Jackson v. First Student Management, LLC, 2017 WL 10874175, *3 (M.D. Fla. Apr. 20, 2017) The Plaintiffs dispute Defendants' positions, but recognize the legal authority relied upon by Defendants. Therefore, the Parties have negotiated a settlement of the overtime hours for unpaid gap time. The Parties now respectfully request that this Court approve the Settlement Agreement.

-2-

## II. CITATION OF AUTHORITY

**A. Approval By the Court.**

Pursuant to 29 U.S.C. § 216(b), the compromise of FLSA claims require approval by the Court when the payment is not made through the Department of Labor. See Lynn's Food Stores v. United States, 679 F.2d 1350 (11th Cir. 1982)(holding a private suit filed by employees requires that the settlement be reviewed and approved by the Court). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

In this Lawsuit, the Plaintiffs have spent a substantial amount of time reviewing records to reasonably determine the overtime owed based on the gap time analysis. The Parties separately calculated the amounts owed and have agreed to resolve

the overtime pay based on their higher respective calculations. These calculations were based on hours Plaintiffs contend they were not paid. Defendants dispute the number of hours asserted by the Plaintiffs, but accepted these number of hours in the interest of resolving this case. These calculations are contained in Exhibit 1, attached hereto.

Further, Defendants contend that liquidated damages are not warranted in this case. Defendants further contend that they disagreed with the Plaintiffs' claims of hours worked, but relied on Plaintiffs number of hours to calculate the overtime. Thus, Defendants contend that additional amounts should not be paid for liquidated. Rather, Defendants contend that the overtime calculations are more between 150% to 175% of the actual hours. Based on negotiations, the Parties have agreed to allocate the payments to the Plaintiffs as 50% to wages and 50% to liquidated damages. The total amount of recover to the Plaintiffs is $68,558.09. The Plaintiffs have agreed to these amounts because of the number of legal and factual issues involved in this Lawsuit, and the substantial uncertainty of further litigation.

For these reasons, the Parties have agreed that the amount contained in the Settlement Agreement is a "fair and reasonable" resolution of the Plaintiffs' FLSA claims. The Parties have been represented by counsel throughout the negotiation of the Settlement Agreement. The Parties have reached the Settlement Agreement by

taking into consideration the disputed issues and a desire to fully resolve all issues between the Parties.

In addition, the Parties reached this Settlement Agreement in the interest of judicial economy and the avoidance of the time and expense of lengthy litigation. The Parties, through their counsel, voluntarily agreed to the terms of the Settlement Agreement during negotiations. This Settlement Agreement provides the Parties with a reasonable resolution and certainty. Thus, this Settlement Agreement fairly and reasonably compensates the Plaintiffs.

**B. Plaintiff's Attorneys' Fees Are Reasonable.**

Under the FLSA, a prevailing party is entitled to attorneys' fees and costs. See 29 U.S.C. § 216(b). In this action, Plaintiffs' counsel, K.P. Reddy of The Reddy Law Firm, P.C., seeks to be paid for attorneys' fees and costs in the amount of $58,678.11. This amount has also been agreed to by Defendants. The requested fee is reasonable taking into consideration the legal criteria for awarding attorneys' fees under fee shifting statutes. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983; Norman v. Hous. Auth. Of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

The Plaintiffs' contract with their counsel provides, if the case is settled after filing the Lawsuit, for the greater of a contingency fee of 40% percent of the total gross amount, plus expenses or the actual amount of attorneys' fees and expenses incurred. The amount of $53,278.11 being paid to Plaintiffs'

counsel has been reduced from the actual time currently expended on this case.

Plaintiffs' counsel submits that, he has expended time in this case reviewing the file, drafting the Complaint and pleadings, drafting and negotiating the motion and notices for collective certification, drafting discovery, reviewing documents produced in discovery, and sending out over 151 notices to potential class members. Plaintiffs' counsel has spent a substantial amount of time calculating damages, drafting settlement correspondence, reviewing documents, negotiating the settlement, drafting the settlement pleadings, and, researching the FLSA issues. Plaintiffs' counsel has further expended time discussing and corresponding with the Plaintiffs and opt-in Plaintiffs in working to resolve this case. Therefore, the amount of costs and attorneys' fees is reasonable.

### III. CONCLUSION

WHEREFORE, the Parties respectfully request the Court approve the Settlement Agreement.

Respectfully submitted this 4th day of April, 2025.

FP 54415769.1

**THE REDDY LAW FIRM, P.C.**

/s/K. Prabhaker Reddy
Counsel for Plaintiffs
K. Prabhaker Reddy
Georgia Bar No. 597320
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: 678-629-3246
Facsimile: 678-629-3247
Email: kpr@reddylaw.net

**FISHER & PHILLIPS, LLP**

/s/Edward N. Boehm, Jr.
Counsel for Defendants
Edward N. Boehm, Jr.
Georgia Bar No. 183411
1230 Peachtree Street, N.E.
Suite 3300
Atlanta, Georgia 30309
Telephone: (404) 231-1400
Facsimile: (404) 240-4249
Email: tboehm@fisherphillips.com

FP 54415769.1